United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-11286
Summary Calendar

AVALON RESIDENTIAL CARE HOMES, INC.,

Plaintiff-Appellant,

VERSUS

GE FINANCIAL ASSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(3:02-CV-631-L)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Avalon Residential Care Homes appeals from the district court's order granting defendant GE Financial Assurance Company's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. We review the district court's order de

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

novo.  S. Christian Leadership Conference v. Supreme Ct. of La.,
252 F.3d 781, 786 (5th Cir. 2001).

Avalon argues that GE violated the Fair Housing Act (FHA), 42
U.S.C. § 3604(f), by denying Mildred Tanco's claim under a long-
term nursing home care indemnity policy for care at an Avalon
facility.  Avalon does not dispute that its facility is not covered
under the policy; rather, it argues that GE was obligated by the
FHA to modify its policy to allow coverage of the Avalon home.

The relevant portion of 42 U.S.C. § 3604 states:

> As made applicable by section 803 of this title and
> except as exempted by sections 803(b) and 807 of this
> title, it shall be unlawful:
> . . .
> (f)(1) to discriminate in the sale or rental, or to
> otherwise make unavailable or deny, a dwelling to any
> buyer or renter **because of a handicap** of - (A) that buyer
> or renter . . .
> (f)(3) For purposes of this subsection, discrimination
> includes - . . .
>     (B) a refusal to make reasonable accommodations in
>     rules, policies, practices, or services, when such
>     accommodations may be necessary to afford such a
>     person equal opportunity to use and enjoy a
>     dwelling;. . .

(emphasis added).  By its terms the FHA prohibits discrimination in
housing "because of a handicap."  Avalon makes no allegation of any
such discrimination, however, because it does not plead any facts
suggesting that the policy denied housing to Tanco because of her
disability.  The policy in question covers (and excludes) certain
facilities in a disabled-neutral manner, and the FHA does not
require GE to modify the content of its policy to give the disabled

-2-

a choice of homes not offered all policyholders.  <u>Cf.</u> <u>McNeil v.</u> <u>Time Insurance Co.</u>, 205 F.3d 179, 186-87 (5th Cir. 2000) (requirement of "full and equal enjoyment of goods and services" in Title III of the ADA simply requires businesses to offer the disabled access to the **same** products offered others).

Because Avalon makes no viable claim under the FHA, the district court's order dismissing this case is AFFIRMED.